TIMOTHY D. BARROW, ESQ.
148 Main Street, Suite 3
Lebanon, New Jersey   08833
(908) 236-2229
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASPEN AMERICAN INSURANCE  COMPANY,  :<br>COMPANY, | *Document Electronically Filed* |
| | CIVIL ACTION |
| Plaintiff,                                      : | |
| : | |
| v. | |
| | **COMPLAINT** |
| TOTAL QUALITY LOGISTICS, LLC,<br>and AMERIE INC., | |
| : | |
| Defendants. | |
| _____ : | |

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendants, alleges upon information and belief as follows:

### THE  PARTIES

1. At and during all times hereinafter mentioned, Plaintiff   ASPEN AMERICAN INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 101 Hudson Street, Jersey City, New Jersey 07302.

2. At and during all times hereinafter mentioned, Defendant TOTAL QUALITY LOGISTICS, LLC was and is a limited liability company organized and existing under and by virtue of the laws of the State of Ohio with its principal office located at  4289 Ivy Pointe Blvd., Cincinnati, Ohio 45245. Said Defendant does business in New Jersey, is authorized to operate in

the State of New Jersey by the Federal Motor Carrier Safety Administration (FMCSA), and has designated George W. Wright of George Wright & Associates, LLC, 505 Main Street, Hackensack, New Jersey 07061 as its agent for service of process listed by the blanket service company American Moving and Storage Association pursuant to federal regulation.

3.  At and during all times hereinafter mentioned, Defendant AMERIE INC. was and is a corporation organized and existing under and by virtue of the laws of the State of New Jersey with an office and place of business at 7615 Dumont Ave., Howard Beach, New York 11414. Said Defendant does business in New Jersey, is authorized to operate in this State by the FMCSA, and has designated Jerry Casser, 75 Lane Road, Suite 402, Fairfield, New Jersey 07004 as its agent for service of process listed by the blanket service company Evilsizor Process Servers LLC pursuant to federal regulation.

4.  Plaintiff ASPEN AMERICAN INSURANCE COMPANY is the subrogee of its insured Borrego Solar Systems, Inc., consignee of specific cargos that are the subject of this action.

5.  Plaintiff is entitled to bring and maintain this action as the subrogated insurer of the subject cargos in suit and does so for and on behalf of the shipper, consignee, and/or owner of the subject cargo as their interests may appear.

6.  Defendant TOTAL QUALITY LOGISTICS, LLC was and is engaged in business as a transportation broker who arranges, provides for and/or contracts with authorized motor carriers determined fit to perform the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees.  However, said Defendant acted as an unauthorized carrier of cargo for hire in regard to the subject shipment and has failed to comply with the FMCSA regulations pertaining to licensing and mandated minimum liability insurance requirements for such motor carriers.

7. Defendant AMERIE INC. (hereinafter referred to as "AMERIE) was engaged in business as a motor carrier for hire, contract or otherwise, for the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees and was acting as the delivering and/or sub-contracted carrier of the subject shipment.

## JURISDICTION AND VENUE

8. Plaintiff's cause(s) of action arise under the laws of the United States, 28 U.S.C. § 1337(a) and under the Interstate Commerce Act, 49 U.S.C. § 14706. The Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue of is proper and appropriate for this action pursuant to 28 U.S.C.§§ 1391(b) and 1391 (c) as the said Defendants are subject to personal jurisdiction in this District at the time of commencement of suit and pursuant to 49 U.S.C. § 14706(d) as Defendant AMERIE INC. is the delivering carrier and operates in the State of New Jersey.

## THE FACTS

10. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 9 of the within Complaint in their entirety, as if set forth herein at length.

11. On or before July 23, 2015, Defendant TQL agreed to transport a cargo consisting of 728 solar panels consigned to Plaintiff's above named insured from the shipper Hellmann Worldwide Logistics at 1665 Jersey Ave., North Brunswick, New Jersey for delivery to Plaintiff's insured at 311 Emery Street, Palmer, Massachusetts, pursuant to bill of lading 13475-2 or other receipt for certain consideration.

12. On or about July 23, 2015 Defendant TQL or those acting on its behalf, received the aforesaid cargo in good order and condition at North Brunswick, New Jersey for the interstate transportation; thereby exercising care, custody and control over the subject cargos.

13. The subject cargo was delivered by Defendant AMERIE and received by Plaintiff's insured at Palmer, Massachusetts on or about July 27, 2015 with 52 solar panels therein found to be damaged which occurred at some point during transit prior in time.

14. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSES OF ACTION AGAINST BOTH DEFENDANTS

### COUNT I – BREACH OF CONTRACT

15. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 14 of the within Complaint in their entirety as if set forth herein at length.

16. Defendants' failure to transport and deliver the subject cargos to destination in the same good order and condition as received was a breach of contract to Plaintiff and its consignee insured of said cargos as carriers of same.

17. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $10,201.36.

### COUNT II – NEGLIGENCE

18. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 14 of the within Complaint in their entirety as if set forth herein at length.

19. As carriers, Defendants both owed a duty of care to the owner, shipper and/or consignee upon receipt of same and thereafter while in its care, custody and/or control including storage, loading, stowage, lashing, carriage, transport, unloading and delivery.

20. The failure to store, transport and deliver the subject cargos in the same good order and condition as received is a breach of each Defendant's duties and obligations of care as carriers and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

21. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $10,201.36.

## COUNT III – BREACH OF BAILMENT

22. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 14 of the within Complaint in their entirety as if set forth herein at length.

23. Both Defendants and/or their authorized representatives took possession and exercised care, custody and control of the subject container and/or cargos at time of their receipt and thereafter which constituted a bailment of same.

24. Each Defendant's failure to store, transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to their owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

25. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $10,201.36.

## **PLAINTIFF'S ADDITONAL CAUSES OF ACTION AGAINST DEFENDANT TQL**

### **COUNT IV – NEGLIGENT HIRING OF MOTOR CARRIER**

26. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 14 of the within Complaint in their entirety as if set forth herein at length.

27. Defendant TQL arranged for the transportation of the subject shipment as property broker by hiring Defendant motor carrier AMERIE INC. before the date of shipment of the subject cargo.

28. Defendant AMERIE did not have any cargo insurance on file with the FMCSA at the time of the shipment in July 2015 or thereafter.

29. Defendant AMERIE had its motor property common carrier operating authority revoked by the FMCSA from February 12, 2013 through to July 12, 2015. This authority was reinstated July 13, 2015 mere days before Defendant TQL hired Defendant AMERIE to perform the interstate transportation of the subject shipment.

30. Defendant TQL failed to obtain the necessary information and confirm that Defendant AMERIE had proper cargo insurance that would extend coverage for the transportation of the subject shipment.

31. Despite claiming to do so, Defendant TQL failed to adhere to industry guidelines and its own internal guidelines in the hiring, selection, and retention of Defendant motor carrier AMERIE for the purpose of effecting safe, reliable and professional transport services in regard to the subject shipment identified by TQL as load no. 58566877.

32. As transportation property broker, Defendant TQL owed a duty of care and due diligence to the owner, shipper and/or consignee when hiring, selecting and/or retaining Defendant AMERIE for the interstate motor transport of the subject shipment.

33. The failure to exercise care and due diligence by Defendant TQL in the hiring, selection and/or retention of Defendant AMERIE to perform the interstate transportation services, including but not limited to TQL's failure to adhere to industry guidelines and its own guidelines in hiring, selection and retaining a fit motor carrier, as well as also ensuring proper insurance was in place before entering into its agreement with Defendant AMERIE to safely transport and insure the subject cargos is a breach of Defendant TQL's duties and obligations of care as transportation property broker and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

34. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $10,201.36.

## COUNT V – NEGLIGENT ENTRUSTMENT OF PROPERTY

35. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 14, and 27 through 32 of the within Complaint in their entirety as if set forth herein at length.

36. The failure to exercise care and due diligence by Defendant TQL in entrusting Plaintiff insured's subject shipment to Defendant AMERIE who was an unfit motor carrier to perform the interstate transportation services based upon the AMERIE's revocation history of its operating authority and failure to obtain proper insurance, *inter alia*, is a breach of Defendant TQL's duties and obligations of care as a transportation property broker and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

37. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $10,201.36.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against said Defendants.

2. That a decree of judgment may be entered in favor of Plaintiff and against Defendants, individually, jointly or severally, for the minimum amount of Plaintiff's damages of $10,201.36 or such other damages to be established at trial, together with interest, costs, and reasonable attorney's fees.

3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

Dated:  July 19, 2017
         Lebanon, New Jersey

                                             __s/ Timothy D. Barrow
                                             Timothy D. Barrow
                                             Attorney for Plaintiff