**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
|  :
ASPEN AMERICAN INSURANCE | :
COMPANY, | :      Civil Action No. 17-5281 (ES) (JAD)
| :
           **Plaintiff,** | :
    **v.** | :              **OPINION**
| :
**TOTAL QUALITY LOGISTICS, LLC,** | :
**and AMERIE INC.,** | :
| :
          **Defendants.** | :
_____:

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Aspen American Insurance Company's ("Plaintiff") motion for default judgment against Amerie Inc. ("Amerie"). (D.E. No. 23). The Court has considered Plaintiff's submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court GRANTS the motion.

## I.     Background

This action arises under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.[1] Plaintiff brings this action as the subrogee of its insured, Borrego Solar Systems, Inc ("Borrego"), to recover for alleged physical damage caused to a cargo of 728 solar panels (the "Cargo"), while in the custody of motor carrier Defendant Amerie. (*See generally* D.E. No. 1 ("Compl."); D.E. No. 23-1, Certification of Jonathan O'Hara ("O'Hara Cert.") ¶ 3).

Amerie, incorporated under New Jersey law, is a motor carrier for hire and is authorized to

---

[1] The Carmack Amendment imposes liability on common carriers for damages and losses to goods caused by the carrier in interstate shipment. *See* 49 U.S.C. § 14706(a)(1).

operate in New Jersey by the Federal Motor Carrier Safety Administration ("FMCSA").[2] (Compl. ¶¶ 3 & 7; D.E. No. 23-5 ("Ex. A")). The FMCSA lists Amerie as a motor carrier authorized to transport property in interstate commerce, with a business address in Ridgefield, New Jersey. (Compl. ¶ 3; D.E. No. 23-6 ("Ex. B")). A New Jersey Corporate Status Report dated July 15, 2017, indicates that Amerie designated corporate agent Spiegel & Utrera PA, located in Clifton, New Jersey, for service of process. (Ex. A).

On July 23, 2015, Total Quality Logistics, LLC ("TQL"), agreed to arrange for the transportation of the Cargo from North Brunswick, New Jersey to Borrego's Massachusetts address, pursuant to bill of lading number 13475-2. (*See* Compl. ¶ 11; D.E. No. 23-7 ("Ex. C"); D.E. No. 23-3 ("O'Hara Cert. Ex. 2") at 7 (ECF pagination)). The bill of lading designated Borrego as the consignee of the Cargo. (*Id.* ¶ 4; Ex. C). TQL subcontracted Amerie to act as the delivering carrier of the Cargo. (*See* Compl. ¶¶ 7, 13 & 27; O'Hara Cert. Ex. 2 at 8 (ECF pagination); D.E. No. 6-1 at 2). On or about July 23, 2015, "TQL or those acting on its behalf, received [the Cargo] in good order and condition at North Brunswick, New Jersey for the interstate transportation; thereby exercising care, custody and control over the subject cargos." (Compl. ¶ 12). On July 27, 2015, Amerie delivered the Cargo to Borrego, who found that 52 solar panels had been damaged at some point during transit. (*Id.* ¶ 13).

On July 19, 2017, Plaintiff filed the instant action, asserting claims against Amerie and TQL,[3] and seeking to recover $10,201.36 for the 52 damaged solar panels. (*See* Compl.). On July 27, 2017, Plaintiff effected service upon Amerie through its agent Spiegel & Utrera PA. (D.E.

---

[2]     The FMCSA is an administration within the U.S. Department of Transportation responsible for regulating commercial motor carriers. *See* 49 U.S.C. § 113.

[3]     On March 15, 2018, TQL was voluntarily dismissed from this action after reaching a settlement with Plaintiff. (D.E. No. 21).

Nos. 5 & 5-1). On February 28, 2018, Plaintiff requested entry of default against Amerie (D.E. No. 18), which the Clerk of Court entered on March 1, 2018. On July 11, 2018, Plaintiff filed the instant motion for default judgment against Amerie. (*See* D.E. No. 23). Plaintiff served the motion and accompanying documents on Amerie at its "last known mailing address of record and its New Jersey corporate agent" via certified mail return receipt requested and regular mail. (D.E. No. 24). To date, Amerie has not filed an answer or responded to the Complaint, and has otherwise failed to appear before this Court.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55, a district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him. Fed. R. Civ. P. 55(b)(2). To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of Court. *Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting the relief. *Id.*

A plaintiff, however, is not entitled to entry of default judgment as of right. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must determine whether default judgment is proper by making "explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability

-3-

of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

In making these determinations "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. Discussion

***Jurisdiction and Venue***.  District courts have original jurisdiction over civil actions arising under the Carmack Amendment when the amount in controversy exceeds $10,000.  28 U.S.C. § 1337(a).  In relevant part, Section 14706, reads:

> A carrier providing transportation or service subject to jurisdiction under subchapter I [motor carrier transportation] or III [freight forwarder service] of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported. . . .

49 U.S.C. § 14706(a)(1).  Here, Amerie is a motor carrier who Plaintiff alleges is liable for the physical damage and resulting loss caused to a cargo of solar panels during interstate transit, and the amount of controversy ($10,201.36), exceeds the statutory minimum.  (*See* Compl. ¶¶ 11–13 & 37).  Therefore, this Court has original subject matter jurisdiction under Section 1337.

Additionally, this is the proper forum because this is the "judicial district . . . through which the defendant carrier operates."  *See* 49 U.S.C. § 14706(d)(1); (Compl. ¶ 9).

Moreover, the Court may exercise personal jurisdiction over Amerie.  Amerie is incorporated in New Jersey, has a New Jersey business address, and is authorized to operate in New Jersey by the FMCSA.  (*See* Compl. ¶¶ 3 & 7; Exs. A & B).  Thus, general personal

jurisdiction exists. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction.") (internal quotation marks omitted) (alterations in original).

Plaintiff also provided the Court with proof of service, certifying that on July 27, 2017, Amerie was personally served the Summons and Complaint through Amerie's New Jersey corporate agent, Spiegel & Utrera PA. (*See* D.E. No. 5 & 5-1); Fed. R. Civ. P. 4(h) (permitting service of a corporation by "delivering a copy of the summons and complaint to . . . any other agent authorized by appointment or by law to receive service of process. . . ."). Additionally, Plaintiff's attorney certified that he served copies of Plaintiff's motion for default judgment and accompanying documents on Amerie via certified mail return receipt requested and regular mail. (*See* D.E. No. 24).

Therefore, the Court is satisfied that is has jurisdiction to enter default judgment.

**Sufficient cause of action was stated.** "A consequence of the entry of a default judgment is that the factual allegations of the complaint . . . will be taken as true." *Comdyne*, 908 F.2d at 1149 (internal quotation marks omitted). The Complaint pleads facts which, taken as true, establish Defendant's liability for breach of its duties as a motor carrier under the Carmack Amendment, 49 U.S.C. § 14706.[4]

---

[4]     Although Plaintiff asserted only counts of state law breach of contract, negligence, and breach of bailment claims, (*see* Compl. ¶¶ 15–25), the Complaint also asserted 49 U.S.C. § 14706 as a basis for relief, (*see id.* ¶ 8). And Plaintiff's motion for default judgment relies only on the Carmack Amendment to obtain the requested relief. (*See generally* D.E. No. 23-4). This is unsurprising since "Carmack Amendment actions are the exclusive avenue for relief for the type of injury that Plaintiff alleges, given that this federal statute preempts related state law claims." *Fed. Ins. Co. v. Secure Cargo Corp.*, No. 12-0851, 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013); *see also Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 335 (3d Cir. 2014) ("The Court has consistently described the Amendment's preemptive force as exceedingly broad—broad enough to embrace 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation.' State laws are preempted regardless of whether they contradict or supplement Carmack relief.") (quoting *Ga., Fla. & Ala. Ry. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916)).

The Carmack Amendment "governs the liability of common carriers on bills of lading, i.e. transportation contracts between a shipper and a carrier." *Paper Magic Grp. v. JB. Hunt Transp. Inc.*, 318 F. 3d 458, 461 (3d Cir. 2003). To establish a prima facie case against a carrier under the Carmack Amendment, a plaintiff "must prove (1) delivery of the goods to the initial carrier in good condition, (2) damage to the goods before delivery to final destination, and (3) the amount of the damages." *Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 140 (3d Cir. 2017) (quoting *Paper Magic Grp.*, 318 F. 3d at 461.

As a threshold matter, Plaintiff has standing to assert this claim against Amerie as Borrego's subrogee. The Carmack Amendment establishes motor carrier liability to the "person entitled to recover under the receipt or bill of lading." 49 USC 11706(a). "Cases interpreting the Act have confined the right to sue to shippers or consignors, holders of the bill of lading issued by the carrier or persons beneficially interested in the shipment although not in possession of the actual bill of lading, buyers or consignees, or assignees thereof." *Harrah v. Minn. Mining & Mfg. Co.*, 809 F. Supp. 313, 318 (D.N.J. 1992) (citations omitted). And "[i]t is well-established that subrogation is derivative in nature, placing the subrogee in the precise position of the one to whose rights and disabilities he is subrogated." *Church Mut. Ins. Co. v. Palmer Constr. Co.*, 153 F. App'x 805, 808 (3rd Cir. 2005) (citation and internal quotation marks omitted). Here Plaintiff alleges that Borrego, who was the consignee of the Cargo under the bill of lading, subrogated its right to Plaintiff. (*See* Compl. ¶¶ 4, 5 & 11; *see also* Ex. C; O'Hara Cert. ¶ 6). Therefore, Plaintiff has standing under the Carmack Amendment. *See, e.g.*, *Hansa Meyer Transp. GmbH & Co., KG v. Norfolk S. Ry. Co.*, No. 06-0924, 2008 WL 2168760, at *7 (D.S.C. May 20, 2008) ("The rights of action under the bill of lading may be properly assigned to another, who is then entitled to maintain the action against the [ ] carrier as the real party in interest." (citing *Harrah*, 809 F.Supp. at 318));

*Merchants Terminal Corp. v. L & O Transp., Inc.*, No. 09-2065, 2011 WL 4507002, at *5 (D. Md. Sept. 29, 2011) (collecting cases and noting that "a person who by some lawful transaction has succeeded to the shipper's rights has standing under the Carmack Amendment") (internal quotation marks omitted).

Plaintiff has also properly pleaded a claim under the Carmack Amendment against Amerie. Plaintiff pleads that on July 23, 2015, the Cargo was delivered in good condition to TQL and its agent, Amerie. (*See* Compl. ¶ 12; *see also* O'Hara Cert. Ex. 2 at 7–8 (ECF pagination); D.E. No. 6-1 at 2). Plaintiff alleges that while Amerie was delivering the Cargo, 52 solar panels were damaged before reaching Borrero. (Compl. ¶ 13). As a result, Borrego suffered damages in the amount of $10,201.36 (i.e., $196.18 per damaged panel), which Plaintiff covered as Borrego's insurer. (*See* Compl. ¶¶ 4–5 & 37; O'Hara Cert. ¶¶ 5 & 6; O'Hara Cert. Ex. 1). Therefore, Plaintiff has pleaded a Carmack Amendment claim.

***Appropriateness of Default Judgement.*** Next, the Court must determine whether default judgment is proper. *See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). To do so, the Court "must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default." *Doug Brady, Inc.*, 250 F.R.D. at 177.

First, the Court finds that based upon the present record and the facts alleged in the Complaint, as well as the absence of any responsive pleading, Amerie does not have a meritorious defense. *See, e.g.*, *Moroccanoil, Inc.*, 2015 WL 6673839, at *2. Second, Plaintiff will suffer prejudice absent entry of the requested relief, as Plaintiff does not have any other means of obtaining relief. *See, e.g.*, *id.* Finally, the Court finds that Amerie is culpable, because it has failed

to respond or otherwise appear before the Court despite having been served with both, the Complaint and the instant motion for default judgment. (*See* D.E. Nos. 5-1 & 24); *see, e.g.*, *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability). Therefore, default judgment is proper.

*Monetary Damages.* Although the facts pleaded in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. *See Comdyne*, 908 F.2d at 1149.

Plaintiff requests that the Court enter default judgment against Amerie for the principal amount of $7,201.36 plus costs of $400 for the filing fee of the Complaint. (D.E. No. 23 at 7). With respect to actual damages, Plaintiff provided a sworn certification by Johnathan O'Hara, the Senior Vice President for Marine, Energy and Construction Claims for Plaintiff, along with several exhibits. (*See* O'Hara Cert.). Mr. O'Hara certifies that each solar panel for the relevant purchase order, Purchase Order Number 13475, was valued at a cost of $194.31 and pro-rated freight of $1.87 for each panel. (O'Hara Cert. ¶ 4). Plaintiff provides the invoice of the relevant purchase order, confirming the value of each solar panel. (*See* O'Hara Cert. Ex. 1). Plaintiff also provides Borrego's Sworn Statement in Proof of Loss dated February 18, 2016, Plaintiff's third-party adjuster's Property Loss Notice dated 11/30/2015, and Plaintiff's insurance broker's Property Incident Report dated 11/23/2015. (*See* O'Hara Cert. Ex. 2 at 2–6 (ECF pagination)). These documents confirm that Borrego filed an insurance claim with Plaintiff indicating that 52 solar panels from the Cargo were damaged, which were assigned a value of $196.16 each, for a total loss of $10,201.36. (*See* O'Hara Cert. ¶ 5).

Mr. O'Hara also certifies that Plaintiff effected insurance payment to Borrego on April 5,

2016, subrogating the claim. (*Id.* ¶ 6). He certifies that the total claim amount of $10,201.36 was reduced by a settlement payment of $3,000 from former co-defendant TQL, who has been dismissed from this action. (*See id.* ¶ 6; *see also* D.E. No. 21). Therefore, Plaintiff is entitled to recover the remaining loss of $7,201.36 from motor carrier Amerie. *See, e.g.*, *Moroccanoil, Inc.*, 2015 WL 6673839, at *2.

Additionally, the Court grants Plaintiff's request to recover costs. Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees should be allowed to the prevailing party on a motion for default judgment. Pursuant to the Local Civil Rules, a prevailing party wishing to recover costs must serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements within thirty days after entry of judgment. *See* L. Civ. R. 54.1(a). Here, Plaintiff claims it incurred costs in the amount of $400 for the filing of this action. (O'Hara Cert. at ¶ 7). Assuming that Plaintiff serves the appropriate Bill of Costs and Disbursements to Amerie and the Clerk, and complies with the other provisions of Local Civil Rule 54.1, Plaintiff may recover $400 in costs. *See* L. Civ, R. 54.1; *St. Paul Fire & Marine Ins. Co. v. AVH Trucking LLC*, No. 07-4802, 2008 WL 4601771, at *5 (D.N.J. Oct. 15, 2008).

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion and will enter default judgment against Amerie. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**